YARRUT, Judge.
This appeal is taken by the Defendants (as third-party Plaintiffs) from a judgment rendered in favor of third-party Defendant, dismissing their third-party action.
Plaintiff’s suit is against the owner of leased premises, and its liability insurer, for personal injuries suffered by her because of the defective condition of the premises due to negligence of lessor and/or his tenant, Arthur Elsberry, when Plaintiff was a guest of the tenant. Although Plaintiff alleged her injury was due to the negligence of Defendant, Forrest McKen-non (lessor) and/or Arthur Elsberry (his tenant), Plaintiff did not join Elsberry as a Defendant.
Defendants filed their joint answer denying the allegations of the petition, and pleading contributory negligence in the alternative; then jointly filed a third-party petition in which they alleged that, if they are cast in a judgment in favor of Plaintiff that they, in turn, have judgment against third-party Defendant (Arthur Elsberry), since the latter assumed the responsibility for all repairs to the leased premises and any liability to any third-party who might be injured because of such defects, to lessor’s complete release and discharge.
Third-party Defendant filed a prayer for oyer of the written lease, in pursuance of which the written lease was produced, dated August 4, 1959, to begin on October 1, 1959, for 12 months, expiring September 30, 1960, with a typewritten addenda bearing same date, reading as follows:
“I hereby agree to move into the apartment, 722 Orleans Street, Apartment 3 & 4, as soon as the present tenant moves out and I further agree to pay the rent due on the apartment from the date the tenant moves out, until the beginning of my lease which starts October 1, 1959.”
Third-party Defendant then filed an exception of no right or cause of action, contending that, since Plaintiff’s injury as a guest was suffered prior to October 1, 1959 (on September 13, 1959), third-party Defendant, as lessee, was not liable because the “hold harmless” clause in the printed lease was not, and did not, become effective until October 1, 1959. The district judge maintained the exceptions and dismissed the third-party action, without giving any written reasons.
Defendants’ third-party petition alleges that a written contract of lease was entered into by said Arthur Elsberry with third-party Plaintiff, Forrest McKennon, on August 4, 1959, for the premises 722 Orleans Street, Apartments 3 and 4, effective October 1, 1959, or as soon as the tenant then occupying said premises moved out prior thereto.
This allegation of the third-party petition, together with the addenda referred to above, is a definite allegation that the lease was to begin sooner than October 1, 1959, if, as, and when the lessee moved in prior to that date. Third-party Defendant moved in on September 13, 1959, and was occupying the premises as lessee when Plaintiff was allegedly injured while there as his guest.
It is possible that third-party Defendant may have an affirmative defense that the addenda only obligated him to pay the rent if he moved in before- October 1, 1959, but was not bound by the other terms of the written lease until October 1, 1959. However, as the exhibits and pleadings stand, the third-party Plaintiff has alleged a prima facie case that third-party Defendant is obligated to them if they be cast in judgment in favor of Plaintiff.
Further, upon the trial of the merits it may develop that Plaintiff’s injuries resulted solely from the intervening negligent acts of commission, rather than of omission, on the part of third-party Defendant; in which event liability to Defendant may result without the “hold harmless” clause of the lease.
*58 For the reasons assigned, the judgment dismissing the third-party action is annulled and set aside, and third-party action remanded to the district court to be proceeded with according to law; Defendant to pay all costs of this appeal; the costs in the lower court to await final disposition of the case on the merits.
Judgment annulled, set aside, and case remanded.